IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-cv-00131-M

RICKY LANE BURGESS,

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

    Defendant.

ORDER

    This matter comes before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II [DE 24] with respect to the parties' cross-motions for judgment on the pleadings [DE 17, 19]. Plaintiff Ricky Burgess filed a timely objection [DE 26].

    The court may accept, reject, or modify, in whole or in part, the recommendation; receive further evidence; or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(l); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). "The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); *see* 28 U.S.C. § 636(b). Absent timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (cleaned up).

Plaintiff objects to the M&R's finding that the residual functioning capacity ("RFC") articulated in the hypothetical question posed to the vocational expert did not limit Plaintiff to standing four hours in an eight-hour workday. DE 26 at 1–2. Plaintiff contends that the hypothetical RFC "may support a finding that he would stand for four hours" and "sit for a total of four hours," which is "inconsistent with the full range of light work." *Id.* at 2. If Plaintiff is correct, then the testimony of the vocational expert would conflict with the information in the Dictionary of Occupational Titles ("DOT") because the testimony identified jobs that required an RFC that exceeds the RFC articulated in the hypothetical question. On the other hand, if the RFC did not limit Plaintiff to standing four hours in an eight-hour workday, as the M&R concluded, then there is no conflict between the testimony of the vocational expert and the information contained in the DOT because the testimony identified jobs that could accommodate an RFC that "mirrored Burgess's RFC" as articulated in the hypothetical question to the expert. DE 24 at 8.

The court restates for purposes of de novo review the relevant legal standards with respect to the issue concerning Plaintiff's objection. The Regulations permit the testimony of a vocational expert to determine "whether [a claimant's] work skills can be used in other work and the specific occupations in which they can be used." 20 C.F.R. §§ 404.1566(e), 416.966(e). For a vocational expert's testimony to be relevant, an ALJ's hypothetical question must represent the entirety of the claimant's substantial impairments. *Walker*, 889 F.2d at 50; *Burnette* v. *Astrue*, No. 2:08-CV-0009-FL, 2009 WL 863372, at *4 (E.D.N.C. Mar. 24, 2009). However, before relying on a vocational expert's testimony, an administrative law judge must identify and obtain a "reasonable explanation for any conflicts" between occupational evidence provided by the vocational expert and information in the DOT. SSR 00–4p, 2000 WL 1898704 (Dec. 4, 2000). The administrative law judge must also explain how any conflict that has been identified was resolved. *Id.* The Fourth

Circuit has interpreted SSR 00–4p as placing an "affirmative duty" on the administrative law judge to independently identify conflicts between the vocational expert's testimony and the DOT. *Pearson v. Colvin,* 810 F.3d 204, 208–10 (4th Cir. 2015) ("An ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the [DOT].").

The court is satisfied that the M&R came to the correct conclusion with respect to the hypothetical RFC. The RFC did not limit Burgess to standing four hours. Rather, the RFC was limited to standing or sitting for six hours with an option to sit or stand "at 30-minute intervals." DE 13 at 74. The relevant portion concerning the scope of the hypothetical RFC reflects this finding:

> The individual can stand and/or walk for about *six hours* out of an eight-hour workday and sit for up to *six hours* out of an eight-hour workday. . . . The individual requires a sit/stand option *at 30 minute intervals* throughout the workday.

*Id.* at 73–74 (emphasis added). The administrative law judge clearly articulated an RFC allowing for a maximum standing or sitting time of six hours in an eight-hour workday and a sit/stand option that would be available at 30-minute intervals.

Plaintiff contends that the sit/stand option implies an RFC that is limited to a four-hour maximum of sitting and standing. DE 26 at 2 ("If Burgess stood for 30 minutes and then sat for 30 minutes throughout an eight-hour workday, he would sit for a total of four hours and stand for a total of four hours."). Plaintiff's argument appears to ignore the express six-hour maximum capacities for sitting and standing. Moreover, Plaintiff's argument misconstrues the periodic nature of the sit/stand option. The option does not provide an option to sit for 30 minutes at a time or stand for 30 minutes at a time. Rather, the option provides for the hypothetical individual's choice to sit or stand for an unspecified amount of time "at 30-minute intervals." DE 13 at 73–74.

3

Case 5:21-cv-00131-M   Document 27   Filed 01/19/23   Page 3 of 4

Therefore, the M&R did not err in its finding that the hypothetical RFC did not limit Burgess to standing a total of four hours in an eight-hour workday.

In conclusion, the court overrules Plaintiff's objection [DE 26]. Further, upon careful review of the uncontested portions of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Plaintiff's motion for judgment on the pleadings [DE 17] is DENIED, and Defendant's motion for judgment on the pleadings [DE 19] is GRANTED.

SO ORDERED this 19th day of January, 2023.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE